**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC, | |
| Plaintiff, | |
| v. | C.A. No. 12-804-LPS |
| SAMSUNG ELECTRONICS CO., LTD., et al., | |
| Defendants. | |
| FLATWORLD INTERACTIVES LLC, | |
| Plaintiff, | |
| v. | C.A. No. 12-964-LPS |
| LG ELECTRONICS, INC., *et al.*, | |
| Defendants. | |

**DEFENDANTS' OPENING BRIEF SUPPORTING THEIR MOTION FOR**
**SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 112(a)**

OF COUNSEL:

Victor H. Polk, Jr.
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
Tel:  (617) 310-6000

Richard A. Edlin
Hyun Chung
Chang Joo Kim
Joshua L. Raskin
Kate Hutchins
John Handy
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Samsung Electronics*
*Co., Ltd., Samsung Electronics America, Inc.*
*and Samsung Telecommunications America,*
*LLC*

OF COUNSEL:

Steven Lieberman
Brian A. Tollefson
Joo Mee Kim
ROTHWELL, FIGG, ERNST
  & MANBECK, PC
607 14th Street., N.W., Ste. 800
Washington, D.C.  20005
Tel:  (202) 783-6040


John W. Shaw (#3362)
Karen E. Keller (#4489)
David M. Fry (#5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
Tel: (302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com

*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics U.S.A., Inc. and*
*LG Electronics Mobilecomm U.S.A., Inc.*

Dated:  October 21, 2013
1127141/39350

# TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II.   ARGUMENT SUMMARY ............................................................................................2

III.  FACTUAL STATEMENT ..............................................................................................3

      A.    '318 Patent Overview.................................................................................3

      B.    The Applicant Added Negative Limitations to the Claims to Avoid
            Invalidating Prior Art ..............................................................................4

IV.   ARGUMENT ..................................................................................................................7

      A.    Legal Standards............................................................................................7

            1     Summary Judgment ................................................................................7

            2.    The Written Description Requirement ....................................................7

      B.    All Claims of the '318 Patent Are Invalid for Failing to Satisfy the Written
            Description Requirement Since the Specification Fails to Disclose a
            Reason for Excluding the Display of a ....................................................8

V.    CONCLUSION ............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ........................................................................7

*Ariad Pharm., Inc. v. Eli Lilly & Co.*,
    598 F.3d 1336 (Fed. Cir. 2010) ........................................................8

*Ex parte Bright*,
    2013 WL 663563 (Patent Tr. & App. Bd. Jan. 1, 2013) ................9, 10

*Centocor Ortho Biotech, Inc. v. Abbott Labs.*,
    636 F.3d 1341 (Fed. Cir. 2011) .....................................................7, 8

*Ex parte Chu*,
    2013 WL 574284 (Patent Tr. & App. Bd. Jan. 1, 2013) ....................10

*Ex parte Grasselli*,
    231 U.S.P.Q. 393 (BPAI 1983) ........................................................2

*Ex parte Ho*,
    2013 WL 5667032 (Patent Tr. & App. Bd. Oct. 15, 2013) ..................9

*Ex parte Hullot*,
    2013 WL 5406700 (Patent Tr. & App. Bd. Sept. 17, 2013) .............9, 11

*Ex parte Kimura*,
    2012 WL 6114315 (Patent Tr. & App. Bd. Nov. 27, 2012) .................10

*Ex parte Lazaridis*,
    2013 WL 1121839 (Patent Tr. & App. Bd. Mar. 12, 2013) .................10

*Ex parte Loretz*,
    2013 WL 1121952 (Patent Tr. & App. Bd. Feb. 27, 2013) ...............9, 10

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ........................................................................7

*Ex parte Miyashita*,
    2013 WL 1401042 (Patent Tr. & App. Bd. Mar. 29, 2013) ..................9

*Ex parte Peters*,
    2012 WL 5334685 (Patent Tr. & App. Bd. Oct. 24, 2012) ..................8

*Poweroasis, Inc. v. T-Mobile USA, Inc.*,
    522 F.3d 1299 (Fed. Cir. 2008).........................................................................................7

*Ex parte Pyka*,
    2012 WL 6772010 (Patent Tr. & App. Bd. Dec. 31, 2012) ..............................................10

*Santarus, Inc. v. Par Pharm., Inc.*,
    694 F.3d 1344 (Fed. Cir. 2012).............................................................................. 2, 8, 9, 10

*Stored Value Solutions, Inc. v. Card Activation Techs., Inc.*,
    No. 2011-1528, 2012 WL 6097674 (Fed. Cir. Dec. 10, 2012)............................................11

*University of Rochester v. G.D. Searle & Co., Inc.*,
    358 F.3d 916 (Fed. Cir. 2004).............................................................................................8

**Federal Statutes**

35 U.S.C. § 112(a) ....................................................................................................... 1, 12

**Federal Rules**

Fed. R. Civ. P. 56(a)..........................................................................................................7

Under controlling Federal Circuit precedent, to satisfy the written description requirement of 35 U.S.C. § 112(a), the patent specification must describe a reason to exclude matter covered by a "negative" limitation in a claim — a requirement that something ***not*** occur. Each independent claim in U.S. Patent No. RE43,318 ("the '318 patent") includes a negative limitation. The '318 patent specification, however, fails to even mention the negative limitation, much less describe why it should be excluded. Thus, all claims of the '318 patent are invalid and summary judgment should enter without the need for further proceedings.

## I.   NATURE AND STAGE OF THE PROCEEDINGS

FlatWorld filed these actions against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") and LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A. (collectively, "LG") (Samsung and LG are the "Defendants") on June 22 and July 20, 2013, respectively, alleging willful direct and indirect infringement of the '318 patent. (S.D.I. 1; L.D.I. 1.)[1] Four months later, FlatWorld voluntarily dropped its indirect and willful infringement claims. (S.D.I. 11; L.D.I. 7.)

The parties have exchanged written discovery, and served and filed their opening and responsive claim construction briefs. (S.D.I. 55-58, 67-68, 73-74; L.D.I. 45-48, 62-63, 65-66.) Defendants moved for partial summary judgment limiting damages on October 15, 2013. (S.D.I. 70-71; L.D.I. 60-61.) The Court granted Defendants' motion for leave to file this Motion for Summary Judgment of Invalidity (the "Motion") on October 18, 2013, and will hear oral argument at the time of the Markman hearing. (S.D.I. 76; L.D.I. 68.)

---

[1] References to docket entries for the litigation against the Samsung Defendants, C.A. No. 12-804-LPS, will be cited herein as "S.D.I." and references to docket entries for the litigation against the LG Defendants, C.A. No. 12-964-LPS, will be cited herein as "L.D.I."

## II.    ARGUMENT SUMMARY

1.      A negative claim limitation describes what the invention does not contain by expressly excluding certain elements from the claim scope.  *See, e.g.*, *Ex parte Grasselli*, 231 U.S.P.Q. 393, 394 (BPAI 1983).  For a negative claim limitation to satisfy the § 112(a) written description requirement, the specification must describe "a reason to exclude the relevant limitation."  *Santarus, Inc. v. Par Pharm., Inc.*, 694 F.3d 1344, 1351 (Fed. Cir. 2012), reh'g and reh'g en banc denied (Dec. 10, 2012).  So, a patent claim that excludes a feature when the specification does not contemplate or mention excluding that feature cannot satisfy the written description requirement.

2.      Each independent claim of the '318 patent includes a limitation requiring that an image be "removed" from a touchscreen display when the user drags an image at a speed exceeding a "threshold velocity."  Each independent claim also includes a separate and distinct *negative* limitation requiring that when the user removes the image from the display, such removal occurs **without** either (i) leaving any "representative" thereof, or (ii) replacing it with a "representative" thereof.  Each element of the independent claims is incorporated into the dependent claims, meaning all claims of the '318 patent include the negative limitation.

3.      The '318 patent specification, however, does not describe a "representative" of an image, let alone why the invention prohibits displaying a "representative" of an image after removal.  And indisputably, the applicant did not include the negative limitations in the original claims.  Rather, the applicant added the negative limitations to distinguish the purported invention from prior art that discloses removing an image while leaving a "representative" thereof.

4.      Because the '318 patent specification fails to include the required support for the negative limitations, no genuine issue of material fact exists, and all claims in the '318 patent are

invalid under § 112(a).  To the extent the parties' claim construction dispute over the term

"representative of a removed image" is material to this Motion, the Court has scheduled oral

argument on this Motion during the Markman hearing so that both issues can be resolved

concurrently.[2]  (*See* S.D.I. 76; L.D.I. 68.)

## III.   FACTUAL STATEMENT

### A.      '318 Patent Overview

The '318 patent, entitled "User Interface for Removing an Object from a Display,"

reissued from U.S. Patent No. 6,920,619.[3]  The '318 patent discloses a "child-friendly digital

system" with a "touch-sensitive screen" that is designed for use by small children.[4]  The claimed

feature at issue in this Motion relates to dragging and "throwing an object" from the touch-

sensitive screen.  According to the '318 patent specification:

> The throwing action is executed when the speed at which an object is dragged
> across display 111 exceeds a threshold speed which corresponds more or less to
> the speed of the natural throwing motion.  When the threshold is exceeded, the
> 'thrown' object will continue to move in the same direction even when the finger
> is lifted off the screen.  One use of throwing is to remove an object from the
> display.[5]

So, if a user drags an image across the touch-sensitive screen in excess of a "threshold velocity,"

the system removes the image from the display.

Each independent claim of the '318 patent includes this "throwing" limitation.  For

example, claim 1 states that, when the image is being dragged and the system detects that the

---

[2] The asserted claims fail to satisfy the written description requirement under any construction of
the negative limitation.  In the event that the Court adopts Defendants' construction and finds the
limitation to be indefinite and therefore invalid, this motion for summary judgment is moot.
[3] *See* Decl. of John Handy in Support of Defendants' Motion for Summ. J. of Invalidity
(hereinafter "Handy Decl."), Exs. A (the '318 patent) & B (the '619 patent).
[4] *See, e.g.*, Handy Decl., Ex. A at 1:60 to 2:10.
[5] Handy Decl., Ex. A at 6:56-62.

velocity with which the image is being dragged exceeds "a threshold velocity," the image is removed from the display.[6]  Claims 7 and 15 include similar limitations.

### B.  The Applicant Added Negative Limitations to the Claims to Avoid Invalidating Prior Art

During prosecution of the '318 patent, the examiner rejected the claims as unpatentable over U.S. Patent No. 5,463,725 to Henckel et al. ("Henckel") which, like the '318 patent, discloses a touchscreen device that removes an image in response to a drag gesture.  Specifically, Henckel discloses removing (turning) images of the pages of a virtual book.  As the examiner stated, "Henckel discloses 'turn the page' of the displayed book which is removal of the image, and subsequently/automatically replacing with another image (abstract, Figs. 1-2)."[7]  Henckel illustrates the turning of a virtual book page as follows:[8]



*Fig. 1*          *Fig. 2*

The user removes page 103 and replaces it with page 105 by touching and dragging location 30.[9]

---

[6] *Id*. at 15:8-12.
[7] Handy Decl., Ex. E (Oct. 3, 2002, Non-Final Office Action) at 3.  *See also* Handy Decl., Ex. F (Mar. 12, 2003, Final Office Action) at 3.
[8] Handy Decl., Ex. G (Henckel) at Figs. 1 and 2.
[9] *See id*. at 2:51-64.

In response to the examiner's rejections, the applicant distinguished his purported invention from Henckel by pointing out that, while the image of the page in Henckel did in fact disappear after it was turned, the page remained represented in the display by its edge. In view of this difference, and to overcome the rejection over Henckel, the applicant amended claims 1, 7, and 15 to include the following negative limitations prohibiting the display of a "representative thereof" after an image is thrown: [10] [11] [12]

| Claim 1 | Claim 7 | Claim 15 |
|---------|---------|----------|
| "… the system responds by removing the image from the display **without leaving any representative thereof in the display**" | "… the image being continually moved is removed from the screen **without leaving any representative thereof on the screen**" | "… the computer responds by removing the image from the screen, and by replacing the image with a replacement image **that is not a representative of the removed image**" |

These limitations are "negative" limitations because they define what is *not* within the scope of the claims – i.e., after an image is "thrown" and removed from the display (i) the systems of claims 1 and 7 do *not* leave any "representative" of the removed image on the display/screen, and (ii) the computer of claim 15 does *not* replace the removed image with a

---

[10] For clarity, this brief refers to '619 patent application claims 19, 29, and 55 by the issued '318 patent claim numbers 1, 7, and 15, respectively.

[11] Handy Decl., Ex. H (Mar. 21, 2003, Resp. to Final Office Action) at 3-5 (adding the limitations "leaving the display both without the image and without any representative thereof," "leaving the screen both without the image and without any representative thereof," and "leaving the touchscreen both without the replaced image and without any representative thereof" to claims 1, 7, and 15 respectively).

[12] Handy Decl., Ex. A at 15:11-13; 15:46-48; 16:21-23 (emphasis added).

"representative" of that image.  As discussed above, these negative limitations were not in the claims as originally filed.[13]

The applicant made these amendments in response to a telephonic interview with the examiner:

> In the telephonic interview, Examiner pointed out that in Henckel, the image of the page did in fact disappear, even though the page remained represented in the display by its edge.  Applicants have now amended their independent claims to make it completely clear that *not only the image, but also any representative thereof*, disappeared from the display.[14]

So, in addition to the limitation requiring that the image be "removed" from the display, the applicant added a separate and distinct limitation to each of the claims to carve out the display of any "representative" of the removed image to overcome Henckel's graphical illustration of the edges of book pages.[15]

After a series of subsequent amendments and office actions, the examiner allowed the claims with these negative limitations.[16]  And, he explained why the negative limitations were critical to patentability:  "Henckel still leaves a representative of the image (such as a line) representing the page even after the page is 'removed' and the present invention is now amended to show that no representative remains."[17]  Thus, the negative limitations were the only limitations in the claims not found in the cited prior art, and therefore, constitute the claimed "invention" of the '318 patent.

---

[13] *See* Handy Decl., Exs. C at 27-28 (original claim 19, now '318 patent claim 1), and 34 (original claim 55, now '318 patent claim 15); & D (Apr. 9, 2001, Resp. to Office Action) at 14 (original claim 29 as first amended, now '318 patent claim 7).
[14] Handy Decl., Ex. H at 7 (emphasis added).
[15] *See* Handy Decl., Ex. G at Figs. 1-4 (graphical page edges 24 and 26).
[16] *See* Handy Decl., Exs. I (Mar. 22, 2004, Amendment after Final Rejection) at 2-4 (applicant amending claims 1, 7, and 15 to include, *inter alia*, the negative limitations as they were ultimately allowed); & *generally* J (Mar. 8, 2005, Notice of Allowability).
[17] Handy Decl., Ex. J at 7.

## IV.    ARGUMENT

### A.    Legal Standards

#### 1.    *Summary Judgment*

The Court should grant summary judgment when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it might affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  If the moving party meets its burden, the non-movant must "come forward with specific facts showing that there is a genuine issue for trial."  *Id*. at 586-87 (internal quotations and emphasis omitted).

#### 2.    *The Written Description Requirement*

"Compliance with the written description requirement is a question of fact but is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the nonmoving party."  *Poweroasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008).  "To satisfy the written description requirement, the applicant must convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention, and demonstrate that by disclosure in the specification of the patent."  *Centocor Ortho Biotech, Inc. v. Abbott Labs.*, 636 F.3d 1341, 1348 (Fed. Cir. 2011) (internal quotations and citation omitted).  In analyzing whether the written description requirement is satisfied, "the claims [are compared] with the invention disclosed in the specification, and if the claimed invention does not appear in the specification … the claim …

fails regardless of whether one of skill in the art could make or use the claimed invention." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1348 (Fed. Cir. 2010).  Therefore, "[a] patent … can be held invalid for failure to meet the written description requirement based solely on the face of the patent specification." *Centocor Ortho Biotech, Inc.*, 636 F.3d at 1347 (citing *University of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 927 (Fed. Cir. 2004)).

With regard to *negative* claim limitations, the Federal Circuit recently stated that "negative limitations are adequately supported when the specification *describes a reason to exclude the relevant limitation*." *Santarus, Inc.*, 694 F.3d at 1351 (emphasis added).  By requiring that the specification disclose a reason for excluding the relevant limitation, an applicant cannot simply carve out subject matter to overcome prior art rejections – if the specification is silent on the excluded subject matter, the patent is invalid under § 112(a).  *See Ex parte Peters*, 2012 WL 5334685, at *3 (Patent Tr. & App. Bd. Oct. 24, 2012).  It is not enough that the matter covered by the negative limitation is absent from the original disclosure since "the mere absence of a positive recitation in the original disclosure is not [a] basis to exclude the limitation." *Id.* (citing MPEP § 2173.05).  Therefore, under the Federal Circuit's recent holding in *Santarus*, for a claim containing a negative limitation to satisfy the § 112(a) written description requirement, the specification must describe a reason to exclude the relevant limitation – otherwise, there is nothing to indicate the applicant "possessed" the invention as claimed.

### B.   All Claims of the '318 Patent Are Invalid for Failing to Satisfy the Written Description Requirement Since the Specification Fails to Disclose a Reason for Excluding the Display of a "Representative" of a Removed Image

Negative claim limitations are adequately supported only when the specification describes a reason to exclude them.  *Santarus*, 694 F.3d at 1351.  Here, the '318 specification

provides no reason to exclude a "representative" of the removed image.[18]  In fact, the specification does not mention the term "representative" at all, despite the fact that the applicant amended the claims to include these negative limitations to distinguish the purported invention from Henckel's virtual book page edges.[19]  Thus, the inventor did not describe or "possess" the negative limitations by the application filing date and, therefore, the negative limitations impermissibly introduce new matter, rendering the '318 patent invalid under § 112(a).

Though the *Santarus* holding just issued last year, the Patent Trial and Appeal Board has already applied the *Santarus* rule and § 112(a) in rejecting numerous claims with negative limitations.  *See Ex parte Bright*,  2013 WL 663563, at *2-3 (Patent Tr. & App. Bd. Jan. 1, 2013) (discussed below); *Ex parte Loretz*, 2013 WL 1121952, at *3-4 (Patent Tr. & App. Bd. Feb. 27, 2013) (discussed below); *Ex Parte Hullot*, 2013 WL 5406700, at *2-3 (Patent Tr. & App. Bd. Sept. 17, 2013) (discussed below); *Ex Parte Ho*, 2013 WL 5667032, at *2 (Patent Tr. & App. Bd. Oct. 15, 2013) (affirming rejection of claims with a negative limitation that "the connector is *independent of any switches*" under *Santarus* because the term "switches" is not in the specification and "Appellants have not pointed to anything in the Specification that provides a reason to exclude switches") (emphasis in original); *Ex parte Miyashita*, 2013 WL 1401042, at *3-4 (Patent Tr. & App. Bd. Mar. 29, 2013) (affirming rejection of claim with negative limitation "without solicitation from the remaining second information processing apparatuses" in view of *Santarus* because "Appellant's Specification neither explicitly describes the negative limitation of excluding a solicitation …, nor indicates possession of this feature by describing any

---

[18] *See supra* Section III(B) (listing the disputed negative limitations).
[19] *See id.* (discussing the applicant's attempt to overcome Henckel by distinguishing the display of a graphical page edge by amending independent claims 1, 7, and 15 with the negative limitations).

advantage of excluding a solicitation or disadvantage of including a solicitation"); *Ex parte Lazaridis*, 2013 WL 1121839, at *2-4 (Patent Tr. & App. Bd. Mar. 12, 2013) (affirming rejection of claim with negative limitation "without the user having entered a delimiter denoting an end of the text string" in view of *Santarus* because the exemplary embodiment "requiring only two key strokes to invoke the email composer application" does not explain any disadvantages to command-ending delimiters and "effectively introduces a new concept that is not reasonably supported by the original disclosure"); *Ex parte Pyka*, 2012 WL 6772010, at *2-3 (Patent Tr. & App. Bd. Dec. 31, 2012) (affirming rejection of claim with negative limitation "the request broker having no local database associated with it that is searched using the search request" in view of *Santarus* and expressly rejecting appellant's argument that the limitation was supported because the specification was silent about performing such a search); *Ex parte Chu*, 2013 WL 574284, at *2-3 (Patent Tr. & App. Bd. Jan. 1, 2013) (similar to *Pyka*); *Ex parte Kimura*, 2012 WL 6114315, at *3-4 (Patent Tr. & App. Bd. Nov. 27, 2012) (affirming rejection of claims with negative limitation "none of said sides has a cutting edge" after applying *Santarus* because the specification was "silent regarding the edges of the sides").

      While these decisions consistently apply the *Santarus* rule, the Board's rulings in *Ex parte Bright*, *Ex parte Loretz*, and *Ex parte Hullot* are particularly helpful here given the similarity between the facts in those cases and those of this case.  In *Ex parte Bright*, the claim at issue concerned rendering (displaying) an object in a web browser display page.  2013 WL 663563, at *1.  During prosecution, the applicant added the negative limitation that rendering occur "not in an external popup page."  *Id.* at *3.  The specification discussed rendering the object in the display page, but failed to disclose anything about not rendering an image in an external popup page.  *Id.*  In affirming the rejection, the Board applied the *Santarus* rule in

holding that "Appellant does not specify that rendering is *not* in an external popup page [n]or does Appellant describe a reason to exclude rendering in an external popup page." *Id.* at \*2-3 (emphasis in original).

Likewise, in *Ex parte Loretz*, the Board affirmed the rejection of a claim that recited a "purchase order" but also included a negative limitation that "the purchase order not identify the plural types of functional modules." 2013 WL 1121952, at \*3-4 (Patent Tr. & App. Bd. Feb. 27, 2013). The Board rejected the appellant's argument that the specification "implicitly" taught the negative limitation. *Id*. at \*4. Citing *Santarus*, the Board found that "[t]his disclosure [relied on by the appellant] does not describe a reason to exclude the relevant limitation." *Id*.

And in *Ex Parte Hullot*, the claimed invention related to a computer program that could display multiple calendars. 2013 WL 5406700, at \*1. The Board affirmed the rejection of a claim prohibiting the display of "category-specific set of events that … *were not created and/or entered by one or more outside sources*" under *Santarus* because (i) "Appellants' cited description in the Specification does not disclose a *reason to exclude* outside sources from making/modifying events in the home and work calendar categories"; and (ii) "[e]ven assuming *arguendo* that [cited] paragraphs … of the Specification may be suggestive of the limitation at issue, we find the Specification's mere *suggestion* fails to demonstrate possession." *Id*. at \*2-3 (emphasis in original).

In sum, the negative limitations in the '318 patent cannot stand under Federal Circuit precedent and the patent is invalid.[20] By adding the negative limitations to overcome prior art

---

[20] The invalidity of the independent claims necessarily means that the remaining dependent claims are also invalid. *See Stored Value Solutions, Inc. v. Card Activation Techs., Inc.*, No. 2011-1528, 2012 WL 6097674, at \*8 (Fed. Cir. Dec. 10, 2012) (invalidating claims for lack of

rejections, and by acknowledging (both by the applicant and the examiner) that the negative limitations were the only limitations not shown in the prior art, the negative limitations are the claimed "invention" of the '318 patent.  And, since the specification does not even mention the negative limitation, it is clear that the inventor was not in "possession" of the invention at the time the application was filed.  This is precisely the reason for the Federal Circuit's ruling in *Santarus*: it is not proper for an element of an invention to be added to the claims during prosecution to avoid invalidating prior art without a demonstration in the specification that the applicant possessed that element when it filed its application.

## V.    CONCLUSION

FlatWorld cannot contradict the fact that the '318 patent specification does not mention or describe the negative limitations of the independent claims.  Without this support, the claims are invalid under § 112(a).  Accordingly, Defendants ask this Court to rule that the '318 patent is invalid.

---

written description and any claims dependent thereto because they are "similarly affected [and] must fall as well").

OF COUNSEL:

Victor H. Polk, Jr.
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
Tel:  (617) 310-6000

Richard A. Edlin
Hyun Chung
Chang Joo Kim
Joshua L. Raskin
Kate Hutchins
John Handy
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200


OF COUNSEL:

Steven Lieberman
Brian A. Tollefson
Joo Mee Kim
ROTHWELL, FIGG, ERNST
  & MANBECK, PC
607 14th Street., N.W., Ste. 800
Washington, D.C.  20005
Tel:  (202) 783-6040


Dated:  October 21, 2013
1127141/39350

POTTER ANDERSON & CORROON LLP

By:   /s/ David E. Moore
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Bindu A. Palapura (#5370)
        Hercules Plaza 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com
        bpalapura@potteranderson.com

*Attorneys for Samsung Electronics Co., Ltd.,*
*Samsung Electronics America, Inc. and*
*Samsung Telecommunications America, LLC*

SHAW KELLER LLP

By:   /s/ David M. Fry
        John W. Shaw (#3362)
        Karen E. Keller (#4489)
        David M. Fry (#5486)
        300 Delaware Avenue, Suite 1120
        Wilmington, Delaware 19801
        Tel: (302) 298-0700
        jshaw@shawkeller.com
        kkeller@shawkeller.com
        dfry@shawkeller.com

*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics U.S.A., Inc. and*
*LG Electronics Mobilecomm U.S.A., Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, David E. Moore, hereby certify that on October 21, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 21, 2013, the attached document was Electronically Mailed to the following person(s):

Joseph J. Farnan, Jr.
Brian E. Farnan
Farnan LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
farnan@farnanlaw.com
bfarnan@farnanlaw.com

Steve W. Berman
Mark S. Carlson
Tyler S. Weaver
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
steve@hbsslaw.com
markc@hbsslaw.com
tyler@hbsslaw.com

By:   */s/ David E. Moore*
    Richard L. Horwitz
    David E. Moore
    Bindu A. Palapura
    POTTER ANDERSON & CORROON LLP
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

1080371/39350