**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FLATWORLD INTERACTIVES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 12-804-LPS |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| FLATWORLD INTERACTIVES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 12-964-LPS |
| v. | ) | |
| | ) | |
| LG ELECTRONICS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
DECLARATION OF ERIC J. GOULD BEAR IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 112(A)**

OF COUNSEL:

Victor H. Polk, Jr.
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
Tel: (617) 310-6000

Richard A. Edlin
Chang Joo Kim
Joshua L. Raskin
Kate Hutchins
John Handy
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Samsung Electronics
Co., Ltd., Samsung Electronics America, Inc.
and Samsung Telecommunications America,
LLC*

OF COUNSEL:

Steven Lieberman
Brian A. Tollefson
Joo Mee Kim
ROTHWELL, FIGG, ERNST
  & MANBECK, PC
607 14th Street., N.W., Ste. 800
Washington, D.C. 20005
Tel: (202) 783-6040

John W. Shaw (#3362)
Karen E. Keller (#4489)
David M. Fry (#5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
Tel: (302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com

*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics U.S.A., Inc. and*
*LG Electronics Mobilecomm U.S.A., Inc.*

Dated: December 12, 2013
1133058/39350

# TABLE OF CONTENTS

I.     Introduction ..........................................................................................................1

II.    Argument ...............................................................................................................3

      A.     Bear's Opinions are Conclusory and Should Be Stricken or Given No Weight ........................................................................................................3

      B.     Bear's Opinions are Not Relevant ...............................................................5

      C.     Bear's Declaration Should Also Be Stricken Because It Is Based on Errors of Law ..................................................................................................6

      D.     This Court Does Not Need Bear's Declaration to Decide Defendants' Summary Judgment Motion ......................................................................8

      E.     Even if Bear's Declaration Is Not Stricken, a Conclusory Affidavit Does Not Automatically Preclude Summary Judgment of Invalidity ............................9

III.    Conclusion ..........................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*Adang v. Umbeck*,
  2007-1120, 2007 WL 3120323 (Fed. Cir. Oct. 25, 2007) ...................................................9

*Advanced Tech. Materials, Inc. v. Praxair, Inc.*,
  228 F. App'x 983 (Fed. Cir. 2007).................................................................................3, 4

*Centocor Ortho Biotech, Inc. v. Abbott Labs.*,
  636 F.3d 1341 (Fed. Cir. 2011).........................................................................................8

*General Elec. Co. v. Joinder*,
  522 U.S. 136 (1997) ..........................................................................................................3

*Intirtool, Ltd. v. Texar Corp.*,
  369 F.3d 1289 (Fed. Cir. 2004).........................................................................................7

*Island Intellectual Prop. LLC v. Deutsche Bank AG*,
  No. 09 CIV. 2675 KBF, 2012 WL 526722 (S.D.N.Y. Feb. 14, 2012)...................................8

*Krippelz v. Ford Motor Co.*,
  667 F.3d 1261 (Fed. Cir. 2012).......................................................................................10

*KSR Int'l Co. v. Teleflex Inc.*,
  550 U.S. 398 (2007) ........................................................................................................10

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
  449 F.3d 1209 (Fed. Cir. 2006).........................................................................................7

*Markman v. Westview Instruments, Inc.*,
  517 U.S. 370 (1996) ..........................................................................................................8

*MGM Well Servs., Inc. v. Mega Lift Sys., LLC*,
  C.A. No. H-05-1634, 2007 WL 150606 (S.D. Tex. Jan. 16, 2007) .....................................2

*Omega Eng'g, Inc, v. Raytek Corp.*,
  334 F.3d 1314 (Fed. Cir. 2003).........................................................................................7

*Perreira v. Secretary of Dep't of Health & Human Servs.*,
  33 F.3d 1375 (Fed. Cir. 1994)...........................................................................................5

*PIN/NIP, Inc. v. Platte Chem. Co.*,
  304 F.3d 1235 (Fed. Cir. 2002).........................................................................................9

*PowerOasis, Inc. v. T-Mobile USA, Inc.*,
  522 F.3d 1299 (Fed. Cir. 2008)...................................................................................5, 10

*Santarus, Inc. v. Par Pharm., Inc.*,
  *694 F.3d 1344 (Fed. Cir. 2012)* ...............................................................................1, 6, 9

*University of Rochester v. G.D. Searle & Co., Inc.*,
  358 F.3d 916 (Fed. Cir. 2004)...........................................................................................8

**Federal Statutes**

35 U.S.C. § 103..................................................................................................9

35 U.S.C. § 112(a) ..........................................................................................1, 9

**Rules**

Fed. R. Evid. § 702 ..........................................................................................4, 6

## I.       Introduction

For the reasons discussed in Defendants' opening brief and further below, the opinions contained in the Declaration of Eric J. Gould Bear in Opposition to Defendants' Motion for Summary Judgment ("Bear Declaration") are conclusory, irrelevant and based on errors of law, and the Declaration should therefore be stricken. But even if not stricken, the Declaration should be given no weight and fails to raise any genuine issues of material fact that would preclude the entry of summary judgment.

Defendants have demonstrated by clear and convincing evidence that the '318 patent is invalid for failing to satisfy the written description requirement under 35 U.S.C. § 112(a). The '318 specification does not even mention a "representative" of a removed image, and consequently fails to provide a reason to exclude its display. It is therefore invalid under the *Santarus* Federal Circuit precedent governing negative claim limitations.

In a final effort to avoid summary judgment, FlatWorld has presented its erroneous summary judgment arguments[1] in the conclusory, unsupported, and legally deficient Bear Declaration.[2] But losing arguments do not gain credibility simply because an expert is solicited

---

[1] For example, FlatWorld makes a complete about-face from its prior construction for "removed" in the co-pending *Apple* litigation by now arguing the term "removed" subsumes the negative limitations. *Compare* C.A. No. 12-804-LPS ("S.D.I.") [S.D.I. 51-2] (Joint Claim Chart) at 1 (construing "removed" as "eliminating the image from the screen without leaving a representative of the removed image on the screen") *with* Handy Decl., Ex. A (*FlatWorld Interactives, LLC v. Apple, Inc.*, No. 12-1956 (N.D. Cal.) ("Apple Litigation") [D.I. 133-1] at 47 (agreeing to joint construction for "removed" as "moving the displayed image off of the screen or display or otherwise eliminating it from the screen or display")). In doing so, FlatWorld believes it can avoid *Santarus* by arguing the negative limitations do not exist. *See* [S.D.I. 86] (FlatWorld's Opp'n to Defs.' Mot. for Summ. J. of Invalidity under 35 U.S.C. § 112(a)) at 4-8. FlatWorld's argument, however, is untenable in view of the file history's unequivocal distinction between a removed image and any "representative." [S.D.I. 94] (Defs.' Reply Br. in Supp. of Summ. J. Invalidity) at 1-5.

[2] Decl. of Eric J. Gould Bear in Opp. to Defs.' Mot. for Summary Judgment of Invalidity Under 35 U.S.C. § 112(a) (filed Nov. 9, 2013) [S.D.I. 87].

to rehash them.[3]  Contrary to FlatWorld's argument, Bear's qualification as a PHOSITA is not the issue.[4]  The central defect is that Bear's testimony goes far beyond what could possibly be attributed to a PHOSITA as defined by FlatWorld:  a computer programmer with one year of computer programing in college (or two in high school).  The relevant issue is what a *PHOSITA* would have understood the specification to disclose, and the opinions offered by Bear are not those of a computer programmer.[5]

Bear's opinions are also, contrary to FlatWorld's arguments, conclusory, unsupported and based upon errors of law.  Bear's citations to the specification have nothing to do with leaving "representatives" of images on displays, and his grand leaps in logic and errors of law fail to raise any genuine issues of material fact.  His opinions are also not helpful to the Court or any fact finder.  Courts have routinely granted summary judgment of invalidity where, as here, it is clear on the face of the patent that the written description requirement is not satisfied – even where expert declarations were filed in an attempt to create an issue of fact where none exists.  Therefore, regardless of whether this Court strikes the Bear Declaration, it is not entitled to any weight and fails to raise a genuine issue of material fact.

---

[3] Other courts have disregarded expert declarations that appear to merely parrot attorney argument, as is the case here.  *E.g.*, *MGM Well Servs., Inc. v. Mega Lift Sys., LLC*, C.A. No. H-05-1634, 2007 WL 150606, at *4 (S.D. Tex. Jan. 16, 2007) (excluding expert declaration that "is at best an effort to synthesize [a party's] positions and present them summarily as an expert opinion").

[4] FlatWorld contends that it is undisputed that Bear is qualified to testify as a PHOSITA.  [S.D.I. 102] ("FlatWorld's Opp'n") at 1, 3.  Defendants disagree that it is undisputed because their motion to strike is not based on Bear's qualifications as a computer programmer or PHOSITA, and therefore, Defendants do not waive their right to challenge Bear's qualifications as a computer expert or as a person having ordinary skill in the art.

[5] FlatWorld seems to concede this point, at least with respect to the opinion provided at paragraph 25 of Bear's declaration, which is relied upon heavily in reaching his conclusions.  FlatWorld tries to overcome it by arguing that Bear is also qualified as an expert in psychology, philosophy and linguistics.  (FlatWorld's Opp'n n.3.)

## II.     Argument

### A.     Bear's Opinions are Conclusory and Should Be Stricken or Given No Weight

FlatWorld argues that Bear's opinions are admissible and not conclusory because "they are expressly based on what the specification says." (S.D.I. 102 ("FlatWorld's Opp'n") at 7.) Bear's specification citations, however, provide no support for his opinions and fail to raise any genuine issues of fact because there is "too great an analytical gap between the data and the opinion[s] proffered."[6]

Bear's specification citations do not and cannot support his key conclusion that "[w]ith this target audience in mind [children], a PHOSITA would know that functional success of the *Milekic* invention would require maintaining a visual display space void of cognitive complexity and thus void of representations of content not otherwise visible or manipulable."[7] His specification references discuss how the alleged invention accommodates children by providing "a user interface that permits direct manipulation of objects in the display and requires neither literacy nor typing skills nor fine motor coordination."[8] Bear's abrupt jump from a user interface that permits direct manipulation of objects to a display "void of cognitive complexity and thus void of representations of content not otherwise visible" is precisely the kind of *ipse dixit* opinion that should be stricken or afforded no weight. (FlatWorld Opp'n at 6.) There is no

---

[6] *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that *there is simply too great an analytical gap between the data and the opinion proffered*.") (emphasis added); *see also Advanced Tech. Materials, Inc. v. Praxair, Inc.*, 228 F. App'x 983, 985 (Fed. Cir. 2007) (affirming summary judgment of invalidity because expert report failed to create a genuine issue of material fact: "[T]he report lacks the detail necessary to avoid summary judgment. In particular, [plaintiff's] expert *lacked logical continuity, leaving only a conclusory record to oppose summary judgment* ….") (emphasis added).
[7] Bear Declaration at ¶ 25.
[8] *Id*. at ¶¶ 23-24.

"logical continuity" from the cited intrinsic evidence to Bear's conclusion that the "functional success" of the '318 patent hinged upon the absence of "representatives" of removed images on the display.[9]

In addition, Bear's leap of faith conclusion that, because of Figure 13, "[a] PHOSITA would understand this embodiment source code [sic] and that this technique for wholly eliminating images (without any depictions of any portions of such images being left on the screen) is part of the invention" is more of the same inadmissible *ipse dixit* opinion. First, Bear's recitation of how Figure 13 works is unhelpful because the content of the source code and how it functions are not in dispute.[10] Second, Figure 13 has nothing to do with "representatives" of removed images – the source code removes images from the screen but says nothing about leaving or not leaving representatives.[11] Third, in allowing the patent, the Examiner found that "removing" images and displaying "representatives" of those removed images are distinct concepts. As stated by the Court during the hearing on Defendants' summary judgment motion:

> THE COURT: In the notice of allowance, which I think we saw earlier, it seems that the Examiner is of the view that removal is not the same thing as leaving no representation. I mean I take it that there is an extensive prosecution history here and you just pointed to something that you think helps you; but at the end of the day, the notice of allowance, here is what I think is a quote, the Examiner says, "Henckel still leaves a representative of the image, such as a line, representing the page even after the page is removed. And the present invention is now amended to show that no representative remains." Is there any way to read that other than to conclude that at least the Examiner sees a distinction between removal and leaving no representative of the image?

---

[9] *See supra* n. 6 (citing *Advanced Tech. Materials*, 228 F. App'x at 985); Fed. R. Evid. 702 (Expert testimony must be based on "sufficient facts or data" to be admissible.).

[10] *Compare* Bear Declaration at ¶¶ 30-36 (describing how the Figure 13 source code removes images off the screen if they are dragged more than 2 pixels in the last 1/30[th] of a second of a drag sequence) *with* [S.D.I. 67] (Defs.' Responsive Claim Construction Br.) at 7 (summarizing Figure 13 in the same manner as the Bear Declaration).

[11] The parties' discussions of Figure 13 have always been in the context of the temporal claim construction issue of whether the removal of an image occurs under the claims "when" the image "is being dragged" and the finger is down.

[S.D.I. 101] (Summ. J. and Claim Construction Hr'g Tr. (Nov. 15, 2013)) at 56:21 to 57:9.) Therefore, Bear's reliance on Figure 13 to conclude that the inventor had possession of the claimed negative limitations is directly contrary to the record on which he relies and therefore fails to raise any genuine issues of material fact.

Bear's citations to the '318 patent specification's discussion of replacing removed images with different "classes" likewise fails to support his conclusion that "[a] PHOSITA would know that leaving such depictions on screen would frustrate the *Milekic* design because those representations would clutter the display, increase cognitive load, and risk confusing *Milekic's* user."[12] By relying on such inapposite specification disclosures to manufacture § 112(a) support for the negative limitations, Bear only reinforces the baselessness of his opinion.

Bear's opinions are entirely conclusory. Although FlatWorld emphasizes Bear's reliance on the intrinsic record, the intrinsic evidence does not support the quantum leaps Bear makes from those references to his conclusions. His opinions are far too tenuous to be admissible or afforded any weight.[13]

### B. Bear's Opinions are Not Relevant

Bear defines a PHOSITA as having two years of high school-level programming education and experience, or one year of college-level programming.[14] The portions of the specification on which Bear relies (with the exception of the portions relating to source code) and the opinions he provides have nothing to do with computer programming. For example,

---

[12] Bear Declaration at ¶¶ 38-40.

[13] *See PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1310 (Fed. Cir. 2008) (concluding that the portions of the original application cited by plaintiff's expert did not support his conclusions and, therefore, his declaration was "not sufficient to raise a genuine issue of material fact" regarding the satisfaction of the written description requirement); *Perreira v. Secretary of Dep't of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) ("An expert opinion is no better than the soundness of the reasons supporting it.").

[14] Bear Declaration at ¶ 18.

disclosures relating to a child's lack of fine motor coordination or the replacement of images with different "classes" are unrelated to the expertise of Bear's definition of a junior computer programming PHOSITA.

The fact that a PHOSITA would not be qualified to give the subject opinions is key. Bear's personal opinions go beyond what could properly be made by a junior computer programmer. Tellingly, Bear has provided no basis, such as computer programming texts or manuals, for the opinions he provides. That is because such sources would have no relevance to his opinion.

Accordingly, Bear's opinions should also be stricken as irrelevant and inadmissible under Fed. R. Evid. 702.[15]

### C.    Bear's Declaration Should Also Be Stricken Because It Is Based on Errors of Law

FlatWorld summarily dismisses Defendants' charge that Bear's opinions are based upon errors of law as "considerable bluster."[16] But, there are fundamental legal missteps by Bear (and by FlatWorld, since the Bear Declaration merely synthesizes FlatWorld's arguments) that cannot be ignored.

First, Bear does not apply the controlling Federal Circuit precedent regarding negative limitations. Bear ignores *Santarus* by carbon-copying FlatWorld's erroneous claim construction argument that there are no negative limitations in the claims because they merely "clarify" the meaning of the term "removed."[17] Bear fails to identify anything in the specification that provides a "reason" for excluding the display of "representatives" of removed images per the negative limitations. As demonstrated above, Bear only identifies specification disclosures

---

[15] Fed. R. Evid. 702 (Expert testimony must be based on "the expert's scientific, technical, or other specialized knowledge [to] help the trier of fact …" to be admissible.).
[16] FlatWorld's Opp'n at 10.
[17] *See* Bear Declaration at ¶¶ 45-46.

relating to (i) removing images (e.g., Figure 13 and replacing images from the same or different "classes"), (ii) children's lack of fine motor coordination, and (iii) the touchscreen display.[18] These citations have nothing to do with "representatives" of removed images or why such "representatives" cannot be displayed.

Bear also ignores *Omega Engineering* and its prohibition against construing a claim term to include a negative limitation absent "express disclaimer or independent lexicography … that would justify adding the negative limitation."[19] Bear does not (and cannot) cite any such "express disclaimer" or "independent lexicography" in the specification to justify his opinion that "removed" means "removed without leaving a representative of the removed image from the screen."[20] And, as FlatWorld readily acknowledged before Defendants brought their summary judgment motion, the plain and ordinary meaning of "removed" has nothing to do with barring "representatives."[21] Therefore, Bear's declaration must also be stricken for being based on an erroneous claim construction.[22]

---

[18] *See supra* at Section II(A).

[19] *Omega Eng'g, Inc, v. Raytek Corp.*, 334 F.3d 1314, 1322-23 (Fed. Cir. 2003); *see also* [S.D.I. 94] (Defs.' Reply Br. in Supp. of Summ. J. Invalidity) at 6-7 (summarizing *Omega Eng'g*).

[20] *See* Bear Declaration at ¶¶ 20, 45-46.

[21] *See* Handy Decl., Exs. B, C & D (FlatWorld's dictionary definitions for "removed" that were relied upon in the Apple Litigation ("eliminate or get rid of"; "to get rid of : ELIMINATE"; "abolish or get rid of")).

[22] *See Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (affirming district court exclusion of expert opinion as "irrelevant because it was based on an impermissible claim construction"); *Intirtool, Ltd. v. Texar Corp.*, 369 F.3d 1289, 1296 (Fed. Cir. 2004) (holding district court's §112(a) analysis "clearly erroneous" because it was based on an improper claim construction). The Bear Declaration must likewise be stricken if this Court disagrees with Bear's construction for "representative" to mean "any depictions of any portions of removed images." *See* Bear Declaration at ¶ 37.

Second, Bear's opinions that the amendments made to the claims during prosecution were only "clarifying"[23] are wrong (as discussed above) and, even if true, are not relevant. The § 112(a) analysis is based exclusively on the patent specification,[24] and claim construction is a matter of law.[25] Therefore, Bear's parroting of FlatWorld's erroneous file history interpretation is of no consequence and should be stricken.

Third, Bear's file history summary is inadmissible because he fails to interpret the technical substance of the file history from the standpoint of his own definition of a junior computer programming PHOSITA. Courts have excluded similar expert opinions because they amount to little more than a timeline of events during prosecution.[26]

### D. This Court Does Not Need Bear's Declaration to Decide Defendants' Summary Judgment Motion

Testimony of a PHOSITA is not required to grant Defendants' motion for summary judgment. "[A]lthough compliance with the written description requirement is a question of fact, … a patent can be held invalid for failure to meet the written description requirement, based solely on the language of the patent specification. After all, it is in the patent specification where the written description requirement must be met."[27]

The '318 patent fails to satisfy the written description requirement on its face. The technology at issue is straightforward, the disputed negative limitation lacks any mention in the patent specification, and there is nothing in the specification that provides a reason for excluding

---

[23] Bear Declaration at ¶¶ 41-46.
[24] *Centocor Ortho Biotech, Inc. v. Abbott Labs.*, 636 F.3d 1341, 1348 (Fed. Cir. 2011).
[25] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).
[26] *See Island Intellectual Prop. LLC v. Deutsche Bank AG*, No. 09 CIV. 2675 KBF, 2012 WL 526722, at *5 (S.D.N.Y. Feb. 14, 2012) ("Powers may not, however, testify regarding the prosecution histories of the patents in suit …. The section of Powers's report devoted to the prosecution histories is nothing more than a timeline of the factual events of those histories; it contains no interpretation of the technical substance of the prosecutions based on Powers's skill in the art.").
[27] *University of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 927 (Fed. Cir. 2004).

"representatives" from the display.  Therefore, Bear's opinions are neither necessary nor helpful, and should be afforded no weight or stricken entirely.  Extrinsic evidence in the form of expert declarations has never been a prerequisite to ruling on § 112(a) motions, and this is certainly not an occasion to break new ground and inflate Bear's already dubious relevance.[28]

Nor is the issue whether this Court could qualify as a PHOSITA as argued by FlatWorld.[29]  The issue to be decided is whether the specification discloses the negative limitation as required by § 112(a) and *Santarus*.  Such determinations are regularly performed by Courts without any requirement that they be experts in the field.  FlatWorld's suggestion that this Court cannot determine the adequacy of the support provided by the specification is wrong.

### E. Even if Bear's Declaration Is Not Stricken, a Conclusory Affidavit Does Not Automatically Preclude Summary Judgment of Invalidity

FlatWorld contends that it necessarily avoids summary judgment if the Bear Declaration is not stricken.  This is categorically incorrect.  As the Supreme Court held in the context of a motion for summary judgment of invalidity under 35 U.S.C. § 103:

> *To the extent the court understood the Graham approach to exclude the possibility of summary judgment when an expert provides a conclusory affidavit addressing the question of obviousness, it misunderstood the role expert testimony plays in the analysis….*  Where, as here, the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate. Nothing in the declarations proffered by Teleflex prevented the District Court from reaching the careful conclusions underlying its order for summary judgment in this case.

---

[28] *See Adang v. Umbeck*, 2007-1120, 2007 WL 3120323, at *2 (Fed. Cir. Oct. 25, 2007) (In rejecting the argument that testimony of a PHOSITA was required in determining whether the written description requirement had been satisfied, the Court stated: "To the contrary, as we have noted, 'a patent can be held invalid for failure to meet the written description requirement, based solely on the language of the patent specification.'"); *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1247-48 (Fed. Cir. 2002) (invalidating claim, without the aid of expert testimony, for failure to meet the written description requirement where the specification was "devoid of any mention" of the claimed subject matter).

[29] FlatWorld's Opp'n at 11.

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 426-27 (2007) (internal citation omitted and emphasis added). In other words, Bear cannot automatically create a genuine issue of material fact simply by disagreeing with Defendants – which is effectively all Bear's conclusory opinions accomplish. Therefore, the Bear Declaration cannot preclude Defendants' summary judgment motion if it would otherwise be granted.[30]

## III.  Conclusion

Bear's declaration is entirely conclusory, fails to interpret the intrinsic record from the standpoint of his own definition of a junior computer programming PHOSITA, commits fatal legal errors, and is nothing more than a carbon-copy of the same meritless arguments already put forth by FlatWorld. Defendants, therefore, respectfully request that this Court strike Bear's Declaration in its entirety or, in the alternative, afford it no evidentiary weight, and grant Defendants' Motion for Summary Judgment of Invalidity.

---

[30] *See supra* n. 13 (citing *PowerOasis*); *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1269 (Fed. Cir. 2012) ("[T]he conclusory testimony of an expert witness, however, cannot create an issue of fact if none otherwise exists.").

OF COUNSEL:

Victor H. Polk, Jr.
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
Tel: (617) 310-6000

Richard A. Edlin
Hyun Chung
Chang Joo Kim
Joshua L. Raskin
Kate Hutchins
John Handy
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200

OF COUNSEL:

Steven Lieberman
Brian A. Tollefson
Joo Mee Kim
ROTHWELL, FIGG, ERNST
 & MANBECK, PC
607 14th Street., N.W., Ste. 800
Washington, D.C. 20005
Tel: (202) 783-6040

Dated: December 12, 2013
1133058/39350

POTTER ANDERSON & CORROON LLP

By:   /s/ David E. Moore
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Bindu A. Palapura (#5370)
     Hercules Plaza 6th Floor
     1313 N. Market Street
     Wilmington, DE 19801
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     bpalapura@potteranderson.com

*Attorneys for Samsung Electronics Co., Ltd.,*
*Samsung Electronics America, Inc. and*
*Samsung Telecommunications America, LLC*

SHAW KELLER LLP

By:   /s/ David M. Fry
     John W. Shaw (#3362)
     Karen E. Keller (#4489)
     David M. Fry (#5486)
     300 Delaware Avenue, Suite 1120
     Wilmington, Delaware 19801
     Tel: (302) 298-0700
     jshaw@shawkeller.com
     kkeller@shawkeller.com
     dfry@shawkeller.com

*Attorneys for Defendants LG Electronics, Inc.,*
*LG Electronics U.S.A., Inc. and*
*LG Electronics Mobilecomm U.S.A., Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on December 12, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 12, 2013, the attached document was Electronically Mailed to the following person(s):

Joseph J. Farnan, Jr.
Brian E. Farnan
Farnan LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
farnan@farnanlaw.com
bfarnan@farnanlaw.com

Steve W. Berman
Mark S. Carlson
Tyler S. Weaver
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
steve@hbsslaw.com
markc@hbsslaw.com
tyler@hbsslaw.com

By:    */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1080371/39350