IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLATWORLD INTERACTIVES LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | C.A. No. 12-804-LPS |

**DEFENDANTS' NOTICE OF SUBSEQUENT AUTHORITY IN
SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 112(a)**

Pursuant to L.R. 7.1.2(b), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Defendants") submit this notice to bring to the Court's attention recent developments that occurred after the briefing and oral argument on Defendants' Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 112. (D.I. 78-80.) In FlatWorld's Response to Defendants Joint Supplemental Brief on the Impact of *Nautilus v. Biosig* to the Indefiniteness of Certain Disputed Claim Terms filed with the Court on June 11, 2014 ("FlatWorld's Reply") (D.I. 125), FlatWorld admits that the negative limitations added to the claims (i.e., the "representative thereof" limitations) were not part of the inventor's conception of his invention. Specifically, when addressing the portions of the inventor deposition cited in Defendants' supplemental brief (D.I. 123), FlatWorld states that, "[w]hen asked if, in the context of his research, Dr. Milekic had ever considered leaving a representative of a thrown image on the screen, he responded that it had never been part of his research – **leaving a representative image had never been part of his conception of 'removing' a thrown image**." (FlatWorld's Reply at 2.) FlatWorld's admission that the inventor had not conceived of "leaving a representative image" is dispositive on the issue

of written description because FlatWorld has now conceded that the inventor was not in possession at the time of filing his patent application of what is now the claimed invention, the *sine qua non* of the written description requirement. *See Falko-Gunter Falkner v. Inglis*, 448 F.3d 1357, 1367 (Fed. Cir. 2006) ("In contrast to reduction to practice, conception *is* a prerequisite to an adequate written description.") (citing *Fiers v. Revel*, 984 F.2d 1164, 1171 (Fed. Cir. 1993) ("[O]ne cannot describe what one has not conceived.").[1]  For this reason, among others set forth in Defendants' prior briefing, it is respectfully submitted that summary judgment should be entered that the '318 patent is invalid as failing to satisfy the written description requirement of 35 U.S.C. 112(a).

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Richard A. Edlin<br>Hyun Chung<br>Chang Joo Kim<br>Joshua L. Raskin<br>John Handy<br>GREENBERG TRAURIG, LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 801-9200<br><br>Mark G. Davis<br>GREENBERG TRAURIG, LLP<br>2101 L Street, N.W.<br>Suite 1000<br>Washington, DC 20037<br>Tel: (617) 310-6000 | By:   */s/ David E. Moore*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Erich W. Struble (#5394)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>estruble@potteranderson.com<br><br>*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC* |

Dated:  June 13, 2014
1155958 / 39350

---

[1] *See also EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1050 (3d Cir. 1993) ("Representations made in briefs inform opposing parties and the court of concessions, the specific contentions being raised and the facts and laws relied upon to make them.  The smooth, efficient working of the judicial process depends heavily upon the assumption that such representations will be made after careful, deliberate evaluation by skilled attorneys who must ultimately accept responsibility for the consequences of their decisions.").

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 13, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 13, 2014, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Joseph J. Farnan, Jr. | Steve W. Berman |
| Brian E. Farnan | Mark S. Carlson |
| Farnan LLP | Tyler S. Weaver |
| 919 N. Market Street, 12th Floor | Ryan Meyer |
| Wilmington, DE 19801 | J.D. Scholten |
| farnan@farnanlaw.com | Hagens Berman Sobol Shapiro LLP |
| bfarnan@farnanlaw.com | 1918 Eighth Avenue, Suite 3300 |
| | Seattle, WA 98101 |
| | steve@hbsslaw.com |
| | markc@hbsslaw.com |
| | tyler@hbsslaw.com |
| | ryanm@hbsslaw.com |
| | jds@hbsslaw.com |

By:   */s/ David E. Moore*
      Richard L. Horwitz
      David E. Moore
      Erich W. Struble
      POTTER ANDERSON & CORROON LLP
      Tel: (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      estruble@potteranderson.com

1080371/39350